**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


STEVEN CHRISTOPHER TRUBEY

      Petitioner,

v.                                                                                  CASE NO.  8:16-cv-1737-T-24TBM
                                                                                                        8:11-cr-364-T-24 TBM
UNITED STATES OF AMERICA,

      Respondent.

_____/


**<u>ORDER</u>**

Petitioner Steven Christopher Trubey, represented by counsel, filed a Motion to

Vacate pursuant to 28 U.S.C. § 2255 on June 23, 2016. The United States filed a motion

to dismiss the § 2255 motion as untimely, to which Petitioner filed a response. With the

Court's permission, the United States filed a reply to Petitioner's response. Petitioner

filed notice of supplemental authority regarding its response in opposition to the United

States' motion to dismiss.  After due consideration, the Court finds Petitioner's motion

should be dismissed as untimely.

Petitioner pled guilty to attempted bank robbery in violation of 18 U.S.C. §

2113(a) and (d) and 2 (count one), and carrying and brandishing a firearm during and in

relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2 (count

two). The Court sentenced Petitioner to a term of imprisonment of 102 months on June

27, 2012.  Petitioner did not file a direct appeal.

Petitioner now seeks relief under the auspices of § 2255. He claims that because

the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutionally vague, a

similarly worded statute, 18 U.S.C. § 924(c)(1)(3)(B),  is also unconstitutionally vague,

and his sentence should be set aside.  Petitioner's claim for relief rests on the decision in

Johnson v. United States, 135 S.Ct. 2551 (2015), in which the Supreme Court held that

the residual cause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague,

a decision that was made retroactive on collateral review by the Supreme Court in Welch

v. United States, 136 S.Ct. 1257 (2016). Petitioner seeks to extend the holdings in

Johnson and Welch to 18 U.S.C. § 924(c) on collateral review. However, Petitioner's

motion is untimely in that his conviction has been final for more than one year, and he

cannot satisfy the exception to the one year statute of limitations under 28 U.S.C. §

2255(f)(3).

Johnson affords Petitioner no collateral relief with regard to his § 924(c)

conviction. First, Johnson did not address the statute under which Petitioner was

convicted. Instead, Johnson ruled on the constitutionality of the residual clause of the

ACCA, § 924(e)(2)(B)(ii). The Supreme Court has never held that any part of § 924(c) is

unconstitutionally vague. Nor has the Eleventh Circuit Court of Appeals extended

Johnson's vagueness determination to § 924(c). See In re Pinder, 824 F.3d 977, 978 (11th

Cir. 2016)("Our Court hasn't decided whether Johnson applies to § 924(c)3)(B).").

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that:

(1)   The Government's motion to dismiss Petitioner's § 2255 motion as untimely (CV-Doc. 7) is **GRANTED**.

(2)   Petitioner's Motion to Vacate (CV-Doc. 1; CR-Doc. 47) is **DISMISSED**.

(3)   The Clerk is directed to enter judgment for the United States in the civil case and then **to CLOSE** the civil case.

**DONE AND ORDERED** at Tampa, Florida, on October 21, 2016.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge