# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

STEVEN CHRISTOPHER TRUBY

    Petitioner,

v.                                    CASE NO.  8:16-cv-1737-T-24TBM

UNITED STATES OF AMERICA,

_____/

## ORDER

Petitioner Steven Christopher Truby, represented by counsel, filed an Application for Certificate of Appealability. (Doc. 20).  Upon consideration of Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 as well as Petitioner's underlying criminal case, Petitioner's Application is denied because Petitioner has not made a showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2).

Petitioner seeks to extend the holding in Johnson v. United States, 135 S. Ct. 2551 (2015), to 18 U.S.C. § 924(c) on collateral review. Johnson affords Petitioner no collateral relief with regard to his § 924(c) conviction because Johnson did not address the statute under which Petitioner was convicted. The Supreme Court has never held that any part of § 924(c) is unconstitutionally vague. Nor has the Eleventh Circuit Court of Appeals extended Johnson's vagueness determination to § 924(c). However, even if

reasonable jurists could find it debatable under Slack v. McDaniel, 529 U.S. 473, 478 (2000), as to whether Johnson extends to the residual clause under 18 U.S.C. § 924(c), Petitioner's conviction for attempted bank robbery qualifies as a crime of violence under §924(c)'s use-of-force clause. See In re Sams, 830 F3d 1234(11th Cir. 2016) (holding conviction for bank robbery by force, violence and intimidation was a crime of violence under 924(c)'s use-of-force clause); In re Hines, 824 F. 3d 1334 (11th Cir. 2016) (holding armed bank robbery is a crime of violence under 924(c)'s use-of -force clause).

**ACCORDINGLY**, for the reasons expressed, Petitioner's Application for Certificate of Appealability is denied.

**DONE AND ORDERED** at Tampa, Florida, on February 3, 2017.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record